JOSEPH DOYLE *v.* GEORGE YUDKIN ET AL.

SUPERIOR COURT NEW HAVEN COUNTY FILE No. 91076
AT NEW HAVEN

Memorandum filed January 2, 1960

*Joseph B. Buckley,* of Ansonia, for the plaintiff.

*Paul E. Schumacher,* defendant, pro se.

*William H. Kingston, Howard D. Olderman,* and *Bennett, Stark, McCarthy & Harrigan,* all of Ansonia, and *Charles M. Lyman,* of New Haven, for defendants.

*George Yudkin,* defendant, pro se.

*John J. Fiore,* defendant, pro se.

ALCORN, J. This action is for a declaratory judgment and incidental injunctive relief. The plaintiff sues in his official capacity as mayor of Ansonia. He relies upon the allegations of paragraph 1 of his complaint for the statement of his interest in the controversy. In that paragraph he recites that he is "a resident of the City of Ansonia, a taxpayer, Mayor thereof, and a signer of the checks of said City." Since he does not undertake this action as a private citizen, the description of himself as a resident and taxpayer becomes immaterial.

The defendants are the two judges of the Ansonia Municipal Court, three individuals who claim to occupy two available positions as prosecutor of the court, two individuals who claim to hold one available position as clerk of the court, the treasurer of the city, and the town and city clerk. The controversy arises out of the failure of the defendant judges to perform the duty imposed upon them by law, namely, to appoint two prosecuting attorneys and a clerk of the Ansonia Municipal Court. 19 Spec. Laws 824, § 3. The complaint alleges in substance that, because of that failure, the defendant Kingston, as judge of the court, purported to

name the defendants Olderman and Condon as prosecutors and the defendant Hine as clerk, while the defendant Yudkin, as judge of the court, purported to name the defendant Kapusta as prosecutor and the defendant Martino as clerk. The complaint further alleges that the defendant Fiore, treasurer of the city, is the person authorized to pay court personnel and that the defendant Schumacher, town and city clerk, keeps the general ledger and signs checks of the city. The complaint concludes with the allegation that there is "an actual and bona fide substantial question in dispute between the parties and a substantial uncertainty as to their legal relationship."

The relief sought is a determination as to which judge's appointees are legally holding office, and injunctions restraining the city treasurer and clerk from paying those not legally appointed, and restraining the respective individual judges from making other appointments. All defendants admit the material allegations of the complaint. The defendant Yudkin in addition, however, seeks affirmative relief in the form of a declaratory judgment that his appointments are legal temporary appointments entitling his appointees to compensation for their services. Quite obviously, therefore, the whole effort is to try the title to the disputed offices of prosecutor and clerk. The conditions under which the court will not render declaratory judgments are clearly set forth in § 277 of the Practice Book. Such relief will not issue: (a) Upon the complaint of any person unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties.

This plaintiff professes concern over the fact that one of his duties as mayor is to countersign checks for salary payments to the contending court officials. There is no showing, however, that any such checks have been drawn or presented to him for signature. On the contrary, the assertion is that none have issued. Furthermore, the only dispute complained of is the unseemly feud within the court personnel to which the plaintiff is a bystander. In this action he assumes the character of a volunteer to litigate a controversy which the principal actors have not seen fit to undertake. Once their differences are resolved, the plaintiff's concern over the issuance of checks will vanish. Furthermore, so far as the issuance of checks is concerned, the plaintiff's interest in this case appears identical with, rather than adverse to, the interests of the defendants Fiore and Schumacher.

Paragraphs (a) and (b) of § 277 "are the equivalent of saying that an action for a declaratory judgment may be employed only in solving a justiciable controversy. . . . There can be no such controversy if the interests of the parties are not adverse." *Liebeskind* v. *Waterbury,* 142 Conn. 155, 158. The plaintiff has not shown an interest adverse to the defendants entitling him to the relief sought.

Section 277 (c) Practice Book denies relief by way of a declaratory judgment "where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure." See *Holt* v. *Wissinger,* 145 Conn. 106, 113. The long-recognized and established method for trying title to an office is by quo warranto. *Duane* v. *McDonald,* 41 Conn. 517, 521; *Hinckley* v. *Breen,* 55 Conn. 119, 121; *State ex rel. Oakey* v. *Fowler,* 66 Conn. 294; *State ex rel. Eberle* v. *Clark,* 87 Conn. 537; *State ex rel. Rundbaken* v. *Watrous,* 135 Conn. 638; *State ex rel. Cotter* v. *Leipner,* 138 Conn. 153; *State ex rel.*

*Barlow* v. *Kaminsky,* 144 Conn. 612. The real issue in this case lends itself to that form of proceeding rather than to the present action.

Enter judgment denying the plaintiff's request for a declaratory judgment and the incidental injunctive relief.