Leonard J. HAMPSON, Walter Kabis and Helen U. Wallace, Defendants Below, Appellants,

v.

STATE of Delaware upon the relation of David P. BUCKSON, Attorney General of the State of Delaware, Plaintiff Below, Appellee,

and

Howard W. Phillips, C. Penrose Stidham, Eleanor D. Cleaver, Douglas Michael, and Arthur E. Whittington, Jr., Defendants Below, Appellees.

Supreme Court of Delaware.

July 27, 1967.

Walter K. Stapleton, of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellants.

Arthur F. DiSabatino, of Killoran & Van Brunt, Wilmington, for appellees.

WOLCOTT, C. J., CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from a declaratory judgment declaring that the apparently successful candidates of an election held in the Town of Odessa in 1966 were the properly elected Mayor and two councilmen. Following the election, the incumbents refused to relinquish their offices and, upon the relation of the Attorney General, this action for a declaratory judgment was filed. The incumbents and the apparently successful candidates in the 1966 election were joined as defendants.[1]

Before we proceed to a consideration of the merits of the appeal, we, ourselves, raise a jurisdictional question, viz., the propriety of instituting an action for declaratory judgment for the purpose of determining title to a public office. Since the point was not raised below; since the parties have not taken adversary positions upon it, and since counsel are in tacit agreement that proceeding by way of declaratory judgment is proper, we saw no point in asking counsel to brief and argue a question which we consider jurisdictional. We have accordingly done our own research on the question, and announce our opinion for the future guidance of the Bar.

Initially, we note that while the action for declaratory judgment was instituted by the Attorney General, he has taken no position adverse to any of the defendants, the various claimants involved. 10 Del.C. § 6501, requires that no declaratory relief may be given in the absence of an actual controversy. An allegation of the existence of an interest adverse to one or more of the defendants is an essential element of an actual controversy. Marshall v. Hill, 8 Terry 478, 93 A.2d 524. It follows, therefore, that relief by way of declaratory judgment may not be granted in this action because there is no actual controversy existing between plaintiff and defendants.

There is a further objection to the use of an action for declaratory judgment in these circumstances, even though the existence of an actual controversy be assumed. This objection is that the statute permitting declaratory judgment actions is intended to provide a remedy where no other remedy is available under circumstances where an impending injury has not as yet occurred. The principal purpose of the statute is to provide preventive justice. Stabler v. Ramsay, 32 Del.Ch. 547, 88 A.2d 546. If, therefore, another adequate remedy is immediately available, no purpose is served by the use of the declaratory judgment procedure and the other remedy should be followed.

There is another time-honored remedy available—that of petition for a writ of quo warranto, which is the common law remedy available in Delaware for determining the right to hold and occupy a public office. Marshall v. Hill, supra. Furthermore, in the absence of unusual circumstances, the remedy of quo warranto

---

1. The Attorney General thereafter took no position whatsoever in the action or appeal. By the time this appeal came on for argument the terms of office of two additional incumbents had expired and the appeal was dismissed as to them.

is exclusive and litigants may not substitute actions for declaratory judgment for it. City of Philadelphia v. Sacks, 418 Pa. 193, 210 A.2d 279; Doyle v. Yudkin, 22 Conn.Sup. 10, 158 A.2d 261; 44 Am.Jur., Quo Warranto, §§ 8, 22; 74 C.J.S. Quo Warranto § 4.

Quo warranto is almost always an adequate remedy in Delaware. Conceivably, extraordinary circumstances could exist which might make it inadequate, or which might make the declaratory judgment procedure more effective or desirable. In the absence of the existence of such a situation, however, the remedy by way of quo warranto is exclusive.

■ The proceeding is by information brought by the Attorney General in the public interest against an alleged usurper of the office. Brooks v. State ex rel. Richards, 3 Boyce 1, 79 A. 790, 51 L.R.A., N.S., 1126. The remedy afforded by the writ is that of ouster, which is generally regarded as a sufficient remedy. Cleaver v. Roberts, Del., 203 A.2d 63. This is so because the only public interest involved is that of ouster of an usurper. Once the ouster has taken place, the other claimant to the office has other remedies available to him, e. g., mandamus.

■ We think the fundamental error in this litigation was to regard this contest for public office as a private matter between the litigants. Such, however, is not the fact. The primary interest is of a public nature. That interest is that no person not entitled to a public office shall occupy it. The defender of that interest is the Attorney General. It is not a private matter of interest solely to the claimants to the office. This being so, the proper method to protect the public interest is by way of an information in the nature of a writ of quo warranto, instituted and prosecuted by the Attorney General in the public interest. Cleaver v. Roberts, supra.

■ In the present case a departure from the usual remedy is not justified. Had

there been a motion to dismiss on this ground, we would have considered it an abuse of discretion to deny that motion. Because it is a jurisdictional matter, the judgment must be reversed even though the question was not raised below.

Ordinarily, this would be the end of the matter. However, in view of the fact that the questions on the merits of the appeal are of prime importance to the authorities of Odessa for their future guidance, we will state our views upon them. To do so requires a statement of the facts giving rise to this controversy.

The Charter of the Town of Odessa provides for the offices of Mayor and five members of Council, four of whom shall be freeholders and one of whom shall be a non-freeholder. The Charter further provides that in April of 1947 the Mayor and three members of Council shall be elected for terms of two years, and two members of Council shall be elected for terms of one year. It was further provided that in April of 1948, and every two years thereafter, two members of Council shall be elected for terms of two years.

The effect of this Charter provision was to provide for the election of either two or three members of Council at the April elections each year, and to require that there be one member of Council at all times who was a non-freeholder and four who were freeholders. Unfortunately, the Charter did not designate the election at which the non-freeholder Council member was to be elected.

At the first election of 1947 a non-freeholder was elected for a term of two years, two freeholders were elected for terms of two years, two freeholders were elected for terms of one year, and the Mayor was elected for a term of two years. By reason of this, the defendant incumbents take the position that at the elections held in odd-numbered years, there should be elected a Mayor, two freeholder councilmen and one non-freeholder councilman for terms of

two years each; and that at the elections held in even-numbered years two freeholder councilmen should be elected for terms of two years each.

At the election held in 1965 the notice of election posted in accordance with the Charter called for the election of two freeholder and one non-freeholder councilmen. However, the ballot furnished provided for the election of three freeholder councilmen, and the result was the declaration that three freeholder candidates were declared elected. The two holdover councilmen at the time were freeholders. Soon thereafter, a quo warranto action was instituted in the Superior Court challenging the validity of the 1965 election of councilmen.[2]

In early 1966 the Mayor elected in the 1965 election died and, pursuant to the Charter, the Council appointed one of the incumbent defendants to be Mayor to serve until the election of 1966. The Charter charges the Mayor with certain duties with respect to town elections. He is required to give notice of the election and of the offices to be filled. He is required to post the names of the candidates. In conjunction with the Council, he is required to provide election officials, places of election, etc.

The newly appointed Mayor took the position that at the 1966 election, then imminent, two freeholder councilmen should be elected for a term of two years each, and one non-freeholder councilman be elected for the one-year unexpired portion of the non-freeholder councilman who had not been elected at the 1965 election.[3]

A majority of the Council, however, took the view that only two councilmen should be elected at the 1966 election, one freeholder and one non-freeholder.

Various maneuvers thereafter took place which are not particularly material, with the exception that they demonstrate that an irreconcilable division had taken place upon the question of how many and which town officials were to be elected.

One set of ballots was printed in accordance with the contentions of the Mayor, and another set in accordance with the contentions of the majority of the Council. In accordance with the Charter, Council appointed an inspector of election and two judges. Thereafter, a series of events occurred which culminated on Election Day in the election officials refusing to serve.

Thereupon, an individual assumed the office of inspector, appointed two judges of elections, and the election was held, resulting in the apparent victory of the candidates of the majority of Council as opposed to those of the incumbents. The declaratory judgment entered in this cause upholds this apparent victory.

We think the action of the Superior Court was wrong. The election clearly was conducted by individuals having no lawful authority to do so. It is immaterial that the election may have been conducted honestly. If those persons conducting it had no lawful right to do so, it is a nullity, and its results must be set aside. 25 Am.Jur.2d, Elections, § 46; Mechem, Public Officers, §§ 183, 184.

We have expressed our opinion on the merits of this appeal and, on the merits, that opinion is that the judgment below was erroneous. However, the reversal in this case is made upon the ground that the Superior Court lacked jurisdiction over the cause.

2. This action is still pending, undecided in the Superior Court. Presumably, the action seeks to challenge the validity of the election of one freeholder, or possibly all three, on the ground that the Charter required the election of one non-freeholder. The precise issue has not been made clear to us.

3. Presumably, this seat on the Council was the subject of the quo warranto action, then pending in the Superior Court.