[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action seeks a declaratory judgment declaring the validity of a Certificate of Appointment appointing the plaintiff to the Housing Authority of the Town of Manchester for a term ending November, 1991, and a permanent injunction enjoining the defendants from removing him from office prior to November, 1991.
A temporary injunction preventing the removal of the plaintiff from his office prior to November, 1991 issued on August 1, 1991.
I. Is a request for a declaratory judgment proper in this particular case?
The defendants argue that Quo Warranto is the exclusive method of determining title to an office, citing Scully v. Westport, 145 Conn. 648, 652 (1958); Doyle v. Yudkin,22 Conn. Sup. 10, 13 (1960); Bartlett v. Rockville, 150 Conn. 428,432 (1963).
Quo Warranto is usually used to remove one who is not legally in office. Beccia v. Waterbury, 185 Conn. 445, 447
(1981). Similarly, the plaintiff in Scully v. Westport, supra, sought a declaratory judgment which requested the ouster of a person holding public office. The Court in Scully indicated in dictum that Quo Warranto is the appropriate method of determining title to an office, but for reasons of expediency the Court did accept the matter as one seeking a declaratory judgment. Thus, it is clear that the defendants in the present case could use Quo Warranto to remove Mr. Fitzpatrick from office, but it does not necessarily follow that Mr. Fitzpatrick is limited to the same procedure in an action to determine the date that his concededly valid appointment expires.
A declaratory judgment functions to enable parties to have their disputes settled prior to any claimed violation of their rights and to keep the actions of the parties within CT Page 8010 legal bounds. Larkin v. Bontatibus, 145 Conn. 570, 575
(1958). Courts do have subject matter jurisdiction over suits for declaratory relief despite the availability and, indeed, the adequacy of other legal remedies. England v. Coventry, 183 Conn. 362, 365 (1981). Both the statutory and related procedural provisions of the Practice Book should be liberally construed to serve their sound social purpose. Connecticut Savings Bank v. First National Bank and Trust Co., 133 Conn. 403, 409 (1947). The Court finds, under the circumstances of this case (which include considerations of time), that other possible forms of relief are not more appropriate to resolve the dispute and will therefore consider the request for declaratory relief.
The defendants further contend that the other four members of the Housing Authority and the Town Clerk are potentially affected by this action and because they have not been made parties, or have not been given notice of the action, the Court is without jurisdiction to hear this declaratory judgment matter. The terms of the other members of the Housing Authority will not be affected by this action, nor do they have any demonstrable legal interest in the plaintiff's term of office. The Town Clerk is also without any legal interest and would not be affected in any way by this case. The Court finds that this jurisdictional argument is not persuasive.
II. When does the plaintiff's term of office expire?
On August 7, 1990, the Directors of the Town of Manchester voted to appoint the plaintiff to the Housing Authority for a "term expiring July 1991." (Plaintiff's Exhibit U).
On August 13, 1990 Mr. Fitzpatrick appeared before the Town Clerk who administered the oath of office. The Town Clerk thereupon completed a Certificate of Appointment which was then placed on file in the office of the Town Clerk, as required by Conn. Gen. Stat. Sec. 8-41, which in relevant part states:
 A certificate of the appointment or reappointment of any commissioner shall be filed with the clerk and shall be conclusive evidence of the legal appointment of such commissioner, after he has taken an oath in the form prescribed in the first paragraph of Section 1-25.
The Certificate of Appointment states that the plaintiff was appointed for a term ending November, 1991. (Plaintiff's Exhibit V). CT Page 8011
The confusion as to when the plaintiff's term ends is due, at least in part, to the fact that some of the Housing Authority members were appointed to terms ending in July and others to terms ending in November. Also contributing to the confusion was the fact that the plaintiff was not provided with a letter confirming his appointment, with the result that when he went to the Town Clerk's office to take the oath of office, the Town Clerk was uncertain of when the plaintiff's term was to expire. Evidence indicates that the Town Clerk called the secretary for the Housing Authority, who could not provide the information, and then the town attorney, who advised him the plaintiff's term ran to November 1991.
The plaintiff was the fourth person to be appointed to this particular five (5) year term of office. His predecessors in office were variously appointed to terms ending both in July and November 1991. His immediate predecessor, Michael Darby, was appointed to a term expiring July 1991. But Mr. Darby was appointed to replace Matthew Moriarty (who had resigned), and Mr. Moriarty's term ended in November, 1991. Mr. Moriarty in turn had been appointed to replace James Morancey who had also been appointed to a term ending in November 1991. (Mr. Morancey resigned while in office). Mr. Morancey was appointed in September 1986 to complete the term of Joseph McCarthy. Mr. McCarthy was apparently serving a term which was scheduled to end in July 1986, but he died on July 9, 1986. It is unclear why Mr. Morancey was appointed in September 1986 to complete a term which ostensibly ended in July of 1986, but his Certificate of Appointment is for a term expiring November 1991. (Plaintiff's Deposition Exhibit 2).
The original term of office in Mr. Fitzpatrick's chain was Mr. Morancey's, which was to expire in November 1991. The plaintiff relies on the language of Sec. 8-41 of the Connecticut General Statutes which provides that the Certificate of Appointment, when filed, is conclusive evidence of the legality of the appointment.
The defendants' position is that the "conclusive evidence" language in the statute refers to the name or identity of the person appointed, and that it should not be construed to include the term of the appointment. The defendants' interpretation would dilute the intent and purpose of the statute. An appointment to office necessarily involves the name of the person appointed, the office to which the individual is appointed and the term of the appointment. All are integral parts of an appointment and CT Page 8012 the Court concludes that a validly filed certificate is conclusive evidence of those integral parts.
Also, the Manchester Town Charter (Sec. 2.2) provides additional reason to draw the conclusion that the plaintiff's term of office ends in November rather than July. The Town Charter provisions provide that:
 All of the officers appointed by the Board of Directors under the provisions of this Section, except the General Manager and auditor or auditors, shall be electors of the Town at the time of their appointment, and, with said exceptions, all appointees except as hereinafter provided regardless of the date of the original appointment, shall hold office until the Tuesday after the third Monday in November in the year in which their term expires and until their successors shall have been appointed and qualified.
For the foregoing reasons, the Court declares that the plaintiff's term of office shall end on the Tuesday after the third Monday in November, 1991.
Accordingly, the defendants are enjoined from removing the plaintiff from his position as a member of the Housing Authority prior to the aforesaid termination date.
HON. LAWRENCE KLACZAK, J. SUPERIOR COURT JUDGE