IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SAMUEL L. GUY,                          :

            Plaintiff,                  :         C.A. No. N20C-10-058 WLW

                                        :

v.                                      :

                                        :

CITY OF WILMINGTON,                     :

                                        :

            Defendant.                  :

Submitted: November 10, 2020
Decided: February 9, 2021

**ORDER**

Defendant's Motion to Dismiss
*Granted.*
Plaintiff's Motion for Partial Summary Judgment
*Denied as Moot.*

Samuel L. Guy, Esquire of Samuel L. Guy, Attorney at Law, Wilmington, Delaware; attorney for Plaintiff.

Robert M. Goff, Jr., Esquire of City of Wilmington Law Department, Wilmington, Delaware; attorney for Defendant.

WITHAM, R.J.

This is the Defendant's, City of Wilmington (hereafter "the City"), Motion to Dismiss pursuant to Superior Civil Court Rule 12(b)(6) for failure to state a claim for which relief can be granted. On October 6, 2020, Plaintiff Samuel L. Guy (hereafter "Guy"), Councilman at-large, filed a Complaint simultaneously[1] with a Motion for Partial Summary Judgment and Motion to Expedite alleging that the City Council of Wilmington, Delaware (hereafter "the Council") improperly declared a vacancy on the Council due to Councilmember Eric Congo (hereafter "Congo") residing outside the councilmanic district which Councilmember Congo represented. After hearing the parties' positions and argument on the City's Motion to Dismiss, this Court grants the motion for the following reasons.

## Facts and Procedural Background

On July 30, 2020, Council President Hanifa Shabazz (hereafter "Shabazz") sent a letter to Congo to formally notify Congo that his council seat has been declared vacant.[2] After sending the letter, Shabazz along with the remaining members of the Council, introduced Agenda Item 4851 on August 20, 2020 to formally certify that a vacancy did exist on the Council.[3] According to Guy, this agenda item was not voted on during the August 20, 2020 Council session. Instead, the Council voted to certify the vacancy on September 30, 2020 by a vote of 5 yays, 4 nays, 2 present, and 1 absent.[4] Again, according to Guy, one member

---

[1] Guy styled this action as a petition, for purposes of this decision all references to petitioner and respondent will be plaintiff and defendant, respectively.

[2] Plaintiff's Letter to Chambers, October 29, 2020.

[3] *Id.*

[4] Plaintiff's Comp. at ¶ 9.

was present but "not allowed to vote."[5] The vote was during a committee meeting of the Council and not during a Regular or Special Council meeting.[6]

On October 6, 2020, Guy filed his Complaint along with his Motion for Pretrial Summary Judgment and his Motion to Expedite. On November 2, 2020, the City responded to Guy's Motion to Expedite the hearing. Also, on November 2, 2020, this Court held an office conference via video conference to discuss scheduling a date for hearing all the parties' motions. This Court also set a deadline for the City to file its Motion to Dismiss at November 4, 2020 and gave Guy until November 9, 2020 to respond. Both parties complied with these deadlines. This Court heard arguments on the Motion to Dismiss on November 10, 2020. At the close of arguments, this Court issued an order from the bench denying Guy's Motion to Expedite the hearing and reserved judgment as to the City's Motion to Dismiss.

## Arguments of the Parties

Guy's argument is that the Council acted in contradiction of the Charter of the City of Wilmington (hereafter "the Charter") when it convened a committee meeting outside of the Council's Regular or Special Meeting to vote to certify the councilmanic district vacancy. Further, he asserts that the vote itself contravened the Charter because it was not a super majority, but merely a majority of those councilmembers who took a stance yes or no on the certification. Guy asserts that this Court should grant declaratory judgment because (1) the September 30, 2020

---

[5] *Id.*

[6] *Id.* at ¶ 8.

committee meeting was an improper mode of certifying a councilmanic district vacancy; (2) that five votes were an insufficient number to declare such a vacancy; (3) that the vote on September 30, 2020 actually defeated the certification; and (4) that Shabazz and Mayor Michael Purzycki acted ultra vires.[7] In support of his assertions, Guy relies on the Delaware State Constitution, the Charter, and the Home Rule Delegation charter.[8]

The Council argues that Guy's Complaint should be dismissed on the grounds that (1) there is no real controversy on which the Court could make a declaratory judgment; (2) Guy has not articulated a "colorable claim and threatened imminent irreparable harm;" and (3) this case is not justiciable because it is a political question about how the Council is to certify a vacancy.[9]

## Standard of Review

When considering a motion to dismiss under Superior Court Civil Rule 12(b)(6), a court must determine whether "the plaintiff may recover under any reasonably conceivable set of circumstances susceptible to proof under the complaint."[10] Further, while the court must afford the plaintiff "all reasonable inferences that logically flow from the face of the complaint," the court need not "accept every strained interpretation of the allegations."[11]

---

[7] Plaintiff's Letter to Chambers, October 29, 2020.

[8] *Id.*

[9] Def.'s Motion to Dismiss ¶¶ 3, 5, and 7.

[10] *Hedenberg v. Raber,* 2004 WL 2191164 *1 (Del. Super. Aug. 20, 2004).

[11] *Id.*

4

## Discussion

### *Justiciability and Political Question*

This case is justiciable because it calls on this Court to construe certain provisions of the Charter, including §§ 2-101 and 2-103 pertaining to qualifications of councilmembers and filling vacancies on the council as well as Rule 23 of the Council pertaining to amendments to rules that affect the rights and privileges of councilmembers.

The facts, as they are presented by Guy, show that Shabazz notified Congo of the vacancy of Congo's second district seat on July 30, 2020.[12] This notification was in response to Congo publicly announcing that he no longer resided in the second district.[13] Following this, on August 20, 2020, the Council voted to put certification of that vacancy on the Council's agenda and then voted to certify that vacancy on September 30, 2020.[14]

The nature of the September 30 vote is at issue because Guy argues that the Council was unlawfully convened and the breakdown of the vote ultimately certifying the vacancy was not a true majority of the total number present. First, Guy characterizes the meeting in question as a "Committee meeting, not a Regular or Special City Council Meeting."[15] The Charter specifies how the Council is to convene its meetings, both regular and special. For regular meetings, "the council

---

[12] Plaintiff's Letter to Chambers, October 29, 2020.

[13] *Id.* Ex. A.

[14] Plaintiff's Letter to Chambers, October 29, 2020.

[15] Plaintiff's Comp. at ¶ 8.

(sic) shall be open and at all times accessible to the public...[and] shall meet regularly at least twice in each month."[16] Special meetings "may be held on the call of the mayor, or the president of the city council, or a majority of the members of the city council in accordance with the rules adopted as part of the rules of procedure of the city council."[17] Additionally, "[a] majority of all the members of the council including the president of the council shall constitute a quorum, but a smaller number may adjourn from time to time."[18] In light of these provisions and facts presented, the Court cannot conclude that the Council acted improperly in light of the Charter provisions related to convening the Council to carry out business.

Additionally, arguing that such an action by the Council would require a supermajority is a misinterpretation of the Charter. Guy argues that the declaration of the vacancy should have been by a supermajority vote. Guy has attempted to impose a supermajority vote on other aspects of Council business where such a requirement was not necessary. In *Guy v. City of Wilmington*, 2020 WL 2511122, (Del. Super. May 15, 2020), Guy asserted that a supermajority under Rule 23 was necessary when passing ordinances; however, Rule 23 states "no rule may be suspended or amended in derogation of an existing right or privilege of any member, except by a two-thirds vote of all the members of Council."[19] The Court

---

[16] Wilm. C. (Charter) § 2-204.

[17] *Id.*

[18] *Id.*

[19] *Guy v. City of Wilmington*, 2020 WL 2511122 at *5 (Del. Super. May 15, 2020).

in that case noted that Rule 23 only applies in specific instances where a councilmember's rights or privileges are being affected.[20] The Charter provision related to council seat vacancies and declaring such a vacancy is clear and does not specify the need for any vote, let alone a supermajority.

The Charter lists the qualifications to be a councilmember including that the councilmember live in the councilmanic district which he or she represents unless the councilmember is seated as an at-large member.[21] "If a councilman shall cease to possess any of these qualifications, including in the case of a councilman elected from a councilmanic district, residence in the district from which he was elected...his office shall immediately be forfeited and become vacant."[22] The Charter is unambiguous in its wording that the vacancy occurs immediately and there is no notification requirement and there is no vote requirement for declaring the vacancy. The Charter is silent as to voting with regard to vacancies on the Council except where the Council seeks to fill that vacancy, and then the vote requirement is "a majority vote of all its remaining members."[23]

As was stated in *Guy v. City of Wilmington*, "[w]hen a statute is clear and unambiguous, statutory interpretation is not needed as courts 'have no authority to vary the terms...or ignore mandatory provisions.'"[24] The Charter is clear that the

---

[20] *Id.*

[21] Wilm. C. (Charter) § 2-103.

[22] *Id.*

[23] Wilm. C. (Charter) § 2-101.

[24] *Guy,* 2020 WL 2511122 at *4. (Internal citations omitted.)

vacancy "shall immediately be forfeited and become vacant" without any need of a vote or notification of vacancy. Additionally, the Charter leaves to the Council the ability to be the "sole judge of the qualifications and election of its members."[25] When Congo made a public statement regarding his residency that showed he no longer lived in the councilmanic district that he represented, his seat on the Council became immediately vacant. Actions taken by the Council to certify that vacancy are at the discretion of the Council as per the provisions in the Charter.

Finally, Guy argues that the Council must act in accordance with the Delaware Constitution and the Home Rule charter when declaring a vacancy on the Council and removing a member from the Council. The Home Rule charter "grants complete legislative and administrative power over municipal functions to the City of Wilmington."[26] The purpose of home rule is "to enable municipalities to exercise the powers of the sovereign except as limited by either the State Constitution or State statute," therefore, "the City enjoys complete powers of legislation and administration relating to its municipal functions."[27]

*Declaratory Judgment and Actual Controversy*

Declaratory judgment is "intended to provide a remedy where no other remedy is available under circumstances where an impending injury has not as yet occurred."[28] This remedy requires that there not be another adequate remedy readily available and there be an actual controversy, which has as an "essential

---

[25] Wilm. C. (Charter) § 2-103.

[26] *Schadt v. Latchford*, 843 A. 2d 689 at 691 (Del. 2004).

[27] *Id.*

[28] *Hampson v. State ex rel. Buckson*, 233 A. 2d 155 at 156 (1967).

element" "the existence of an interest adverse" between the parties.[29] Where a court is asked to grant declaratory judgment, it cannot do so unless there exists an actual controversy, even if the parties agree or consent to conferring jurisdiction upon the Court.[30] Lastly, declaratory judgment may not be used in an attempt to garner legal advice.[31]

To show the existence of an actual controversy, there must be four elements present. First, the seeking party must show that the controversy involves rights or other legal relations.[32] Second, the seeking party must assert a claim to those rights or other legal relations against a party with an interest in contesting the claim.[33] Third, the parties' interests must be real and adverse.[34] Lastly, "the issue involved in the controversy must be ripe for judicial determination."[35] Additionally, the assertion of adverse interests cannot be made under circumstances where there is merely a difference of opinion.[36]

Guy's claim to an actual controversy stems from his concern that similar actions by the Council to remove him or other members may be taken in the future;

---

[29] *Id.*

[30] *Marshall v. Hill*, 47 Del. (8 Terry) 478 at 480 (Del. Super. Dec. 3, 1952).

[31] *Id.* at 480 - 81.

[32] *Id.* at 481.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

however, he has based this concern on no plausible facts on which this Court may rely in examining the City's Motion to Dismiss.

The vacancy was declared against another member of the Council, that being Congo. Congo was the councilmember for the 2nd councilmanic district. Guy is an at-large councilmember and does not purport to live in the district represented by Congo. Guy does not claim to be injured by loss of representation on the Council. Guy's only claim of injury is that he "may be subjected to the same acts of exclusion."[37] Guy further claims that this perceived, futuristic injury that has yet to transpire is because of an "unlawful removal of a black elected official as an act of systemic racism in support of white supremacy."[38] Guy offers no facts to support such an assertion.

Furthermore, the concerns raised by Guy in this case are moot. First, Congo is now the Council President, so whatever harm he may have suffered by being removed from his council seat upon changing residency outside his councilmanic district are no longer an issue. It is noted that the new council President was not a party to this action. Second, Congo never challenged the vacancy, thus alluding to the possibility that there was no harm done to him in the first place. Finally, Guy is no longer a member of the Council, so whatever harm he may have endured is no longer imminent, if it ever was.

The City points out in its Motion to Dismiss that Guy has offered no facts to support the allegation that he suffered any harm. He was not the injured party as a

---

[37] *Id.*

[38] *Id.*

result of the Council's declaration that a councilmanic district had become vacant and the Council did not violate the Charter in making such a declaration.

Wherefore, for the reasons explained above, this Court **GRANTS** Defendant City of Wilmington's Motion to Dismiss pursuant to Superior Court Civil Rule 12 (b)(6) for failure to state a claim on which relief can be granted and **DENIES AS MOOT** Plaintiff's Motion for Partial Summary Judgment.

IT IS SO ORDERED.

/s/ *William L. Witham, Jr.*
Resident Judge

WLW/dmh

11