IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | No. 459, 2023 |
| PETITION OF AISHIA SIMMS | § | |
| FOR A WRIT OF QUO | § | |
| WARRANTO | | |

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

This 9th day of February 2024, after consideration of the complaint for a writ of quo warranto, it appears to the Court that:

(1) The petitioner, Aishia Simms, filed a complaint seeking to invoke the original jurisdiction of this Court to issue an extraordinary writ of quo warranto. Simms is a defendant in a residential summary-possession action in the Justice of the Peace Court.[1] The complaint in this writ action alleges that the magistrate who presided over some of the proceedings in the summary-possession action lacked the authority to do so because his term as a justice of the peace was expired. The complaint also alleges that the magistrate violated Simms's constitutional and other rights and asserts various errors in the summary-possession action.

(2) After careful review, we conclude that the complaint must be dismissed. As an initial matter, a complainant may not ask this Court to issue an extraordinary writ to the Justice of the Peace Court "unless a petition for such writ

---

[1] The Court has taken judicial notice of the record in *Windsor Castle, LLC v. Simms*, Case No. JP13-23-019125.

shall have been first presented to and denied by the Superior Court.[2]  Because Simms

has not alleged, and the Superior Court docket does not reflect, that she sought a writ

of quo warranto from the Superior Court in the first instance, the complaint must be

dismissed.[3]

(3)     It also appears from the allegations of the complaint and publicly

available records that the complaint is without merit.  As this Court explained in

*Capriglione v. State*, "[t]he writ of quo warranto 'is a remedy that is essentially

adversarial in nature that seeks to remove the challenged officer from a position.

The writ or order is like a summons commanding the respondent to show by what

authority he or she claims to hold an office and is, in effect, an order to show

cause.'"[4]  In support of her allegations that the magistrate's term was expired, Simms

attached records from a New Castle County public records database and the General

Assembly website indicating that the magistrate's term expired in 2011.  But the

General Assembly's website confirms that the magistrate was reappointed as

recently as June 2023.[5]  Finally, to the extent that the complaint seeks to correct legal

---

[2] DEL. SUPR. CT. R. 43(b)(vi).

[3] *See In re Paskins*, 2005 WL 2333896, at *1 (Del. Sept. 21, 2005) (dismissing petition for a writ of mandamus to the Court of Common Pleas because the petitioner had not sought a writ of mandamus from the Superior Court in the first instance, as required by Supreme Court Rule 43).

[4] 279 A.3d 803, 805 n.13 (Del. 2021) (quoting 65 AM. JUR. 2d *Quo Warranto* § 2 (Feb. 2021)); *see also Hampson v. State*, 233 A.2d 155, 156 (Del. 1967) (describing a petition for a writ of quo warranto as "the common law remedy available in Delaware for determining the right to hold and occupy a public office").

[5] DEL. GEN. ASSEM., Hon. James R. Hanby Sr. Nominee Information, *at* https://legis.delaware.gov/Nomination?nominationId=2128 (reflecting Senate confirmation of

2

errors in the summary-possession action or other relief beyond removal of the magistrate from office, a proceeding for a writ of quo warranto cannot provide the desired relief.[6]

NOW, THEREFORE, IT IS ORDERED that the complaint seeking issuance of a writ of quo warranto is DISMISSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

reappointment on June 7, 2023, for an eight-year term); *see also* DEL. GEN. ASSEM., Hon. James R. Hanby Sr. Nominee Information, *at* https://legis.delaware.gov/Nomination?nominationId=1628 (reflecting Senate confirmation of reappointment on May 17, 2017, for a six-year term).

[6] *See Hampson*, 233 A.2d at 157 (stating that a proceeding for a writ of quo warranto is "brought by the Attorney General in the public interest against an alleged usurper of the office" and that the "remedy afforded by the writ is that of ouster"); *see also* 65 AM. JUR. 2d *Quo Warranto* § 2 (Jan. 2024) ("Quo warranto is a preventative remedy addressed to preventing a continuing exercise of an authority unlawfully asserted rather than to correcting what has already been done under that authority.").