IN THE SUPREME COURT OF THE STATE OF DELAWARE

CITIZENS AGAINST SOLAR POLLUTION, DONALD LEE GOLDSBOROUGH, TRUSTEE UNDER REVOCABLE TRUST AGREEMENT OF DONALD LEE GOLDBOROUGH DATED 12/22/10, and KELLIE ELAINE GOLDSBOROUGH, TRUSTEE UNDER REVOCABLE TRUST AGREEMENT OF KELLIE ELAINE GOLDSBOROUGH DATED 12/22/10,

Plaintiffs Below,
Appellants/Cross-Appellees,

v.

KENT COUNTY, KENT COUNTY LEVY COURT, FPS CEDAR CREEK SOLAR LLC, THE PINEY CEDAR TRUST, JAMES C. KNOTTS, JR., CHERYL A. KNOTTS, DE LAND HOLDINGS 1 LLC, AMY PEOPLES, TRUSTEE OF THE PINEY CEDAR TRUST, and RICHARD A. PEOPLES, TRUSTEE OF THE PINEY CEDAR TRUST,

Defendants Below,
Appellees/Cross-Appellants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

No. 210, 2024

Court Below: Superior Court of the State of Delaware

C.A. No. N23C-03-196

Court Below: Court of Chancery of the State of Delaware

C.A. No. 2022-0287

Submitted: January 8, 2025
Decided: March 10, 2025

Before **SEITZ**, Chief Justice; **VALIHURA**, **TRAYNOR**, **LEGROW**, Justices, and **DANBERG**, Chief Judge,[*] constituting the Court *en Banc*.

## ORDER

The Court, having considered the briefs and record on appeal, and after oral argument, rules as follows:

(1)    The Kent County Levy Court approved a conditional-use permit for FPS Cedar Creek Solar LLC to build a solar panel farm on private land.  Local citizens and a nonprofit filed suit in the Court of Chancery to block the permit approval.  The court dismissed the suit for lack of subject matter jurisdiction because the plaintiffs had an adequate remedy at law – a writ of certiorari.  After the plaintiffs transferred the case to the Superior Court, the court dismissed the plaintiffs' declaratory judgment claim, granted a writ of certiorari, and affirmed the Levy Court's permit approval.  The plaintiffs have appealed the two dismissals and their unsuccessful permit challenge.  The Levy Court has cross-appealed the Superior Court's grant of the writ of certiorari.  After careful review, we affirm the judgments of the Court of Chancery and the Superior Court.

---

[*] Sitting by designation under Del. Const. art. IV, § 12 and Supreme Court Rules 2(a) and 4(a) to complete the quorum.

2

(2)     We take the facts from the underlying decisions.[1]  In October 2021, FPS applied to the Levy Court for a permit to build a solar farm on 528 acres of land owned by FPS, DE Land Holdings 1, LLC, and a land trust.  The Levy Court held a public hearing on the permit application.  Following public comment, the commissioners voted 3-3 to approve the permit.  The Levy Court then tabled the permit application until a seventh commissioner could break the tie.  On January 25, 2022, the Levy Court voted 4-3 to approve the permit.

(3)     The next day, the Levy Court issued a conditional-approval letter to FPS.  The letter explained that the Levy Court approved the permit based on the Kent County Regional Planning Commission's recommendation report, the public hearing, and four factual findings.  These included: (a) the zoning code permitted "public utilities as a conditional use" in zone AC where the solar farm was located; (b) the location and use were "not in conflict" with the County's land-use plan; (c) the solar farm would not harm the "public health, safety and general welfare"; and (d) the solar farm complied with the public facilities ordinance.[2]

[1] *Citizens Against Solar Pollution v. Kent Cnty.*, 2023 WL 2199646 (Del. Ch. Feb. 24, 2023) [hereinafter *Ct. Ch. Dismissal*]; *Citizens Against Solar Pollution v. Kent Cnty.*, 2023 WL 6884688 (Del. Super. Ct. Oct. 17, 2023) [hereinafter *Super. Ct. Op.*]; *Citizens Against Solar Pollution v. Kent Cnty.*, 2024 WL 2022503 (Del. Super. Ct. May 7, 2024) [hereinafter *Certiorari Review*].

[2] App. to the Appellants' Opening Br. at A1616 [hereinafter A__] (Ex. C: Letter from the Kent County Levy Court granting conditional approval, Certification of Record to the Superior Court).

(4)     Through their trusts, Donald Lee Goldsborough and Kellie Elaine Goldsborough own property near the proposed solar farm.  Both are members of Citizens Against Solar Pollution, a Delaware unincorporated nonprofit association. The Goldsboroughs and the nonprofit (collectively, "CASP") sued Kent County, the Levy Court, FPS, and the other landowners (collectively, the "Defendants")[3] in the Court of Chancery.  CASP sought preliminary and permanent injunctive relief to halt the solar farm development.  It also sought a declaratory judgment to reverse the Levy Court's permit approval.

(5)     After the parties litigated standing, the Court of Chancery requested submissions on whether the court had subject matter jurisdiction over the suit.  The court found it lacked jurisdiction because a writ of certiorari was an available and adequate remedy at law for CASP's claims.  Accordingly, it dismissed the suit without prejudice.[4]

(6)     CASP transferred the matter to the Superior Court and sought a declaratory judgment and a writ of certiorari to review the permit approval.  The Defendants moved to dismiss.  They claimed that a declaratory judgment could not

---

[3] Until the briefing for the Superior Court's certiorari review, Kent County and the Kent County Levy Court litigated separately from the private defendants.  Only the County and the Levy Court filed the cross-appeal.

[4] *Ct. Ch. Dismissal* at *3.  Neither the Court of Chancery nor the Superior Court addressed standing.  We assume without deciding that CASP has standing to sue.

be used to circumvent certiorari review and that the petition for certiorari was untimely. The court dismissed the declaratory judgment claim but found that it could exercise its discretion to waive the filing deadline and grant a writ of certiorari.[5]

(7)     The Superior Court eventually affirmed the Levy Court's permit approval on certiorari review. It reasoned that the Levy Court provided an adequate record for the court to review and articulated valid grounds for the permit approval. The court also declined to consider CASP's arguments that the Levy Court violated Kent County's land-use plan and its zoning code by approving the permit, misclassified the solar farm as a "public utility," and improperly legislated when it approved the conditional-use permit. These arguments, the Superior Court held, were beyond the scope of certiorari review.[6]

*The Court of Chancery's Jurisdictional Ruling*

(8)     On appeal, CASP does not contest the Court of Chancery's holding that the Levy Court's approval of the conditional-use permit was a quasi-judicial act. Instead, CASP argues that the nature of the Levy Court's act does not affect the Court of Chancery's subject matter jurisdiction because CASP coupled its legal claim with a request for equitable relief. It also argues that "the limited standard and scope of certiorari review . . . does not provide an adequate remedy at law"

---

[5] *Super. Ct. Op.* at *9–12.

[6] *Certiorari Review* at *5–7.

compared to appellate review from the Court of Chancery.[7] We review jurisdictional issues *de novo*.[8]

(9) In *Delta Eta Corporation v. City of Newark*, the Court of Chancery explained why the writ of certiorari is an available and adequate remedy at law to challenge quasi-judicial permit approvals.[9] CASP has not attempted to distinguish *Delta Eta*. We see no reason to depart from *Delta Eta*'s thorough analysis. CASP had an adequate remedy at law through a writ of certiorari to review the Levy Court's quasi-judicial act of approving the conditional-use permit. The Court of Chancery lacked equitable jurisdiction.[10]

---

[7] Appellants' Opening Br. at 20–21 [hereinafter Opening Br.].

[8] *In re COVID-Related Restrictions on Religious Servs.*, 326 A.3d 626, 638 (Del. 2024).

[9] 2023 WL 2982180, at *8–15 (Del. Ch. Feb. 2, 2023). The court reviewed the history of the writ of certiorari and found that the writ was available to review quasi-judicial acts. *Id.* at *10 (citing *Dover Hist. Soc'y v. City of Dover Plan. Comm'n*, 838 A.2d 1103, 1106 (Del. 2003)). Quasi-judicial acts, the court found, apply "existing laws to a set of facts before it." By contrast, legislative acts create, amend, or repeal laws. *Id.* at *11. Because the city council in *Delta Eta* reviewed the conditional-use permit considering the city's existing zoning code, the court held that permit approval was a quasi-judicial act that could be reviewed by a writ of certiorari. The court also found that a plaintiff must show that the writ cannot provide full and fair *relief* to prove that it is an inadequate remedy. As the plaintiff only argued that certiorari *review* was more limited than appellate review, the court found that the writ could provide an adequate *remedy*. *See also Middlecap Assocs., LLC v. Town of Middletown*, 2023 WL 2981893 (Del. Ch. Feb. 2, 2023) ("[A] writ of certiorari is or was available, and capable of affording an adequate remedy at law. Accordingly, this Court lacks subject matter jurisdiction over Petitioner's claims.").

[10] 10 *Del. C.* § 342 ("The Court of Chancery shall not have jurisdiction to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court or jurisdiction of this State.").

*The Superior Court's Declaratory Judgment Claim Dismissal*

(10)  CASP argues next that the Superior Court improperly dismissed its declaratory judgment claim.  It agrees with the Superior Court that "Delaware courts are empowered to render a declaratory judgment" only when "no other remedy exists" to resolve a dispute.[11]  Nonetheless, CASP presses the argument that "[d]eclaratory relief and certiorari review . . . are not mutually exclusive."[12]  We review dismissal rulings *de novo*.[13]

(11)  In *Hampson v. State ex rel. Buckson*, we dismissed a declaratory judgment action after finding that a writ of quo warranto adequately provided the same relief.  We held that declaratory judgment actions are "intended to provide a remedy where no other remedy is available."  In other words, "[i]f . . . another adequate remedy is immediately available, no purpose is served by the use of the declaratory judgment procedure and the other remedy should be followed."[14]  The same logic applies here.  A writ of certiorari is an adequate remedy at law.  The Superior Court properly dismissed CASP's declaratory judgment claim.[15]

---

[11] Opening Br. at 25 (quoting *Super. Ct. Op.* at *12).

[12] *Id.*

[13] *Geico Gen. Ins. Co. v. Green*, 308 A.3d 132, 140 (Del. 2022).

[14] 233 A.2d 155, 156 (Del. 1967).

[15] CASP relies on *B.W. Electric, Inc. v. Gilliam-Johnson* to argue that a writ of certiorari and a declaratory judgment may coexist in the same complaint.  2018 WL 3752497 (Del. Super. Ct. Aug.

(12)   Finally, CASP claims that the Superior Court erred when it affirmed the Levy Court's permit approval on certiorari review.  A writ of certiorari exists "to correct errors of law, to review proceedings not conducted according to law, and to restrain an excess of jurisdiction."[16]  It is not a substitute for an appeal.[17]  The reviewing court cannot weigh evidence, review factual findings, or consider the merits of the case.  Instead, the court looks for errors "on the face of the record" during its review.  Assuming without deciding that the Superior Court properly granted the writ of certiorari, we review the court's decision to affirm for legal error.[18]

(13)   CASP contends that the Levy Court acted contrary to law.  It advances many arguments that are beyond the scope of certiorari review.[19]  We address only

---

3, 2018).  But there, the surviving claims covered different issues.  The court granted certiorari review over the Secretary of Labor's decision to dismiss the appeal of an agency decision.  The declaratory judgment claims sought to invalidate the Department of Labor's regulations.  Here, the writ of certiorari and the declaratory judgment cover the same issue – the Levy Court's permit approval.

[16] *Dover Hist. Soc'y*, 838 A.2d at 1106 (quoting 1 Victor Woolley, *Practice in Civil Actions and Proceedings in the Law Courts of the State of Delaware* § 896 (1906)).

[17] *Maddrey v. Just. of Peace Ct. 13*, 956 A.2d 1204, 1213 (Del. 2008).

[18] *Black*, 117 A.3d at 1029 (citing *Christiana Town Ctr., LLC v. New Castle Cnty.*, 865 A.2d 521, at *1 (Del. 2004) (TABLE)).

[19] CASP argues that Kent County's land-use plan and zoning code do not allow a solar farm.  It also claims that solar farms do not qualify as a "public utility."  And it argues that the solar farm would violate the zoning code by covering more than 23% of its land with "impervious surfaces."

the three appropriate for our review. First, CASP claims the Levy Court conducted an irregular proceeding by developing an inadequate record. The proper record for certiorari review is composed of only "the complaint initiating the proceeding, the answer or response (if required), and the docket entries."[20] All are present in the certified record.[21] CASP protests that the individual docket exhibits were unavailable for the Superior Court to review. But these exhibits are not required for certiorari review. In any event, the Superior Court could request exhibits if needed.

(14)  Second, CASP claims that the Levy Court proceeded irregularly by failing to articulate valid, factual grounds when it approved the permit. Under Delaware law, however, the Levy Court need only state the "basis for its [quasi-judicial] decision, in order to allow for judicial review."[22] Here, the Levy Court relied on a recommendation report, the public hearing, and factual findings as the

---

The first two arguments challenge the Levy Court's factual findings that the farm's location and use did not conflict with the land-use plan, and the zoning code permitted public utilities in zone AC. The third argument is based on a factual determination about whether solar panels are impervious surfaces. Addressing these arguments would require us to "delve deeply into the record, which would disregard the appropriate standard of certiorari review and treat this as a direct appeal." *Black*, 117 A.3d at 1033. We agree with the Superior Court's decision to exclude these arguments. *See Certiorari Review* at \*6–7.

[20] *Black*, 117 A.3d at 1030.

[21] *See* A1597 (Table of Contents, Certification of Record to the Superior Court). *See generally* A1596–1755 (Certification of Record to the Superior Court).

[22] *Christiana Town Center*, 865 A.2d at \*2 (citation omitted).

9

bases for its approval. The Superior Court correctly found that the Levy Court properly stated its reasons for the permit approval in its letter.

(15) Finally, CASP insists that the Levy Court acted contrary to law by not adopting an ordinance after approving the permit. Any action that carries "force of law" must be passed as an ordinance.[23] According to CASP, this includes conditional-use permit approvals. But quasi-judicial permit approvals in Kent County are individual applications of existing law to the facts of an application. They are not legislative actions that carry the force of law.[24] Thus, the Superior Court correctly found that the Levy Court was not required to pass an ordinance after it approved the permit.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgments of the Court of Chancery and the Superior Court are AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[23] 9 *Del. C.* § 4110(h) (General powers; county government procedures; ordinances).

[24] *Delta Eta*, 2023 WL 2982180. CASP argues that a distinction between legislative and quasi-judicial acts provides presumptive appellate review for all permit approvals in Sussex County, but not Kent or New Castle County. It claims that, because Sussex County ordinances do not limit conditional uses by district or zone, permit approvals change the zoning code and thus are legislative acts. *See Bay Colony v. Cnty. Council of Sussex Cnty.*, 1984 WL 159382, at *2 (Del. Ch. Feb. 1, 1984). But as *Delta Eta* noted, the distinction "must be applied on a case-by-case basis, focusing on the particular special use at issue rather than whether a municipality's or county's zoning scheme provides for unrestricted special uses or any unrestricted special uses at all." 2023 WL 2982180, at *13 (citing *Gibson v. Sussex Cnty. Council*, 877 A.2d 54, 65 (Del. Ch. 2005)).