IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § No. 136, 2025
PETITION OF FELIX TAYLOR §
FOR A WRIT OF QUO §
WARRANTO

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

This 5th day of June, 2025, it appears to the Court that:

(1)    The petitioner, Felix Taylor, filed a complaint seeking to invoke the original jurisdiction of this Court to issue an extraordinary writ of quo warranto. Taylor is the respondent in child support and other proceedings in the Family Court.[1] Although the allegations in the complaint are difficult to discern, Taylor appears to allege that the Family Court lacks subject matter jurisdiction as to the child support matter and personal jurisdiction as to Taylor. Taylor seeks (i) to dismiss the Family Court proceedings, (ii) custody of his child, and (iii) relief from child-support obligations and arrears.

(2)    After careful review, we conclude that the complaint must be dismissed. "The writ of quo warranto 'is a remedy that is essentially adversarial in nature that seeks to remove the challenged officer from a position. The writ or order is like a summons commanding the respondent to show by what authority he or she

---

[1] The Court has taken judicial notice of the record in Family Court File No. CS19-01322.

claims to hold an office and is, in effect, an order to show cause.'"[2]  A proceeding for a writ of quo warranto cannot provide the relief that Taylor seeks.[3]

NOW, THEREFORE, IT IS ORDERED that the complaint seeking issuance of a writ of quo warranto is DISMISSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[2] *Capriglione v. State*, 279 A.3d 803, 805 n.13 (Del. 2021) (quoting 65 AM. JUR. 2d *Quo Warranto* § 2 (Feb. 2021)); *see also In re Simms*, 2024 WL 542959, at *1 (Del. Feb. 9, 2024) (dismissing complaint seeking issuance of a writ of quo warranto and stating that "to the extent that the complaint seeks to correct legal errors in the summary-possession action or other relief beyond removal of the magistrate from office, a proceeding for a writ of quo warranto cannot provide the desired relief"); *Hampson v. State*, 233 A.2d 155, 156 (Del. 1967) (describing a petition for a writ of quo warranto as "the common law remedy available in Delaware for determining the right to hold and occupy a public office").

[3] *Simms*, 2024 WL 542959, at *1; *see also Hampson*, 233 A.2d at 157 (stating that a proceeding for a writ of quo warranto is "brought by the Attorney General in the public interest against an alleged usurper of the office" and that the "remedy afforded by the writ is that of ouster").